**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND MARTINEZ,

　　　　　　Petitioner - Appellant,

v.

ARISTEDES ZAVARAS, Executive
Director, Colorado Department of
Corrections; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

　　　　　　Respondents - Appellees.

No. 11-1208
(D.C. No. 1:09-CV-02421-REB)
(D. Colorado)

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant Raymond Martinez, a Colorado state prisoner proceeding pro se,

seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C.

§ 2254 application for habeas relief. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring

COA to appeal denial of application). We deny his request for a COA and

dismiss this appeal.

## I. BACKGROUND

The Colorado Court of Appeals summarized as follows the facts leading to

the charges against Defendant:

> [D]efendant was wanted on a warrant for escape.  Defendant emerged
> from a house police officers were watching, and the officers
> approached him.  During the ensuing chase, [D]efendant displayed a
> weapon, and he was shot by an officer.  A cocaine pipe, 8.5 ounces
> of cocaine, and $3,698.28 in cash were found on his person.

Judgment, *People v. Martinez*, No. 03CA1307 (Colo. App. Sept. 15, 2005) (unpublished) (R., Vol. 1 pt. 2 at 304).  In May 2003 a jury found Defendant guilty of first-degree assault on a peace officer, possession of cocaine with intent to distribute, and possession of cocaine.  After a bench trial he was convicted on four habitual-criminal counts.  The state trial court sentenced him to two concurrent 64-year terms on the assault and the intent-to-distribute convictions and to a 24-year concurrent term on the possession conviction.

Defendant appealed to the Colorado Court of Appeals.  It affirmed except that it vacated the conviction for possession of a controlled substance and remanded the case to the trial court with instructions (1) to merge the charge of possession into the charge of possession with intent to distribute and (2) to vacate the 24-year sentence on the possession charge.  On January 17, 2006, the Colorado Supreme Court denied Defendant's petition for a writ of certiorari.

After the trial court vacated the 24-year sentence, Defendant filed a postconviction motion for reconsideration of his sentence.  *See* Colo. R. Crim. P. 35(b).  The trial court denied the motion, and Defendant did not appeal.  In November 2006 he filed a postconviction application under Colo. R. Crim. P. 35(c), and the trial court again denied relief.  This time, Defendant appealed.  But

because he failed to file an opening brief, the Colorado Court of Appeals dismissed the appeal on March 20, 2009.

On October 13, 2009, Defendant filed his § 2254 application in the United States District Court for the District of Colorado. Defendant raised five claims: (1) the trial court violated his Sixth Amendment right to counsel by failing to conduct an appropriate inquiry and grant his requests for substitute counsel; (2) he had a right to have his habitual-criminal counts tried to a jury; (3) he was unfairly prejudiced at trial by the admission of a photograph of a drug scale and by having to wear a taser unit; (4) he was subjected to double jeopardy because possession of a controlled substance is a lesser-included offense of possession of a controlled substance with intent to distribute; and (5) he received ineffective assistance of trial counsel in several respects.

The district court dismissed Defendant's fourth claim as moot (which Defendant conceded); and it dismissed his fifth claim as procedurally barred because (a) he had failed to exhaust his ineffectiveness claim when he did not submit a timely brief to the Colorado Court of Appeals on his appeal of the denial of his state postconviction application, (b) any future claim would be time-barred in state court, and (c) he had failed to present adequate grounds to overcome the procedural default. Following the reasoning of the state appellate court, the district court then denied Defendant's remaining claims on the merits. It rejected claim one because Defendant had failed to show that his counsel actively

represented conflicting interests or that his relationship with counsel had deteriorated sufficiently to jeopardize his right to effective assistance of counsel. On claim two it held that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), state trial courts may make factual findings regarding a defendant's prior convictions and impose an enhanced sentence based on those findings. And on claim three it held that (a) the drug-scale photograph did not render his trial fundamentally unfair because the photograph was relevant, not unduly inflammatory, and cumulative; and (b) the trial court did not abuse its discretion in requiring him to wear a taser unit because he had defied orders from correctional officers, and the trial judge took effective steps to prevent the jury from knowing that he was wearing the device.

Defendant now seeks a COA from this court on claims one, two, three, and five. He also asks for an evidentiary hearing on claims one and three. But because he did not request an evidentiary hearing below, his request is not properly before us and we will not consider it. *See Fairchild v. Workman*, 579 F.3d 1134, 1144 (10th Cir. 2009) (applicant "is required to properly request an evidentiary hearing in the district court, because we ordinarily do not decide issues raised for the first time on appeal").

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard

-4-

requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding." 28 U.S.C.

§ 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. For those parts of Defendant's claims that were adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

The district court's opinions below are thorough and persuasive, and Defendant has not pointed to any flaw in the analysis. No reasonable jurist could debate the correctness of the district court's decision, and we deny Defendant's request for a COA.

## III. CONCLUSION

We DENY Defendant's application for a COA and dismiss the appeal. We GRANT Defendant's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge